**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| In re:<br><br>　　　　　　JOSEPH EDWARD WILSON, JR,<br>Address:　6422 DEVONSHIRE RD<br>　　　　　　NORFOLK, VA 23513-3233<br><br>　　　　　Debtor(s).<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A<br>　　　　　Plaintiff,<br><br>v.<br><br>JOSEPH EDWARD WILSON, JR,<br>Debtor(s)<br>MICHAEL P. COTTER<br>Trustee<br>　　　　　Defendants. | CASE NO: 19-70500-SCS<br><br>CHAPTER 13 |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

Upon consideration of the motion of WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A, for relief from the automatic stay with respect to real property located at 6422 Devonshire Rd, Norfolk, VA 23513, and is more particularly described as follows:

> ALL THAT CERTAIN PARCEL OF LAND IN, NORFOLK CITY,
>
> COMMONWEALTH OF VA, AS MORE FULLY DESCRIBED IN
>
> INSTRUMENT NO 010011256 ID#1481-3900, BEING KNOWN AND
>
> DESIGNATED AS LOT 2 MAP OF SEWELLS GARDENS SUBDIVISION

SECTION B. FILLED IN MAP BOOK 32, PAGES 49 AND 50. MADE BY PHILLIP B FREEMAN, ENGINEER, JUNE, 1949. BEING THE SAME FEE SIMPLE PROPERTY CONVEYED BY GENERAL WARRANTY DEED FROM ALENE FOREMAN TO ALENE FOREMAN AND JOSEPH WILSON JOINT TENANTS, DATED 5/11/2001 RECORDED ON 05/17/2001 IN INSTRUMENT NO 010011256, IN NORFOLK CITY RECORDS, COMMONWEALTH OF VA. IN ACCORDANCE WITH SECTION 58.1-803(D) CODE OF VIRGINIA, AS AMENDED EXEMPTION FROM STATE RECORDING TAX IS CLAIMED.

THIS DIED OF TRUST IS GIVEN TO REFINANCE AN EXISTING DEBT WITH THE SAME LENDER IN THE AMOUNT OF $110,757.40 AND $16,790.85, EVIDENCED BY A DEED OF TRUST OF RECORD IN INSTRUMENT NO 070010419 AND 080007101.

it is **ORDERED regarding the above-described property:**

1. Debtor will resume making all future regular monthly installment payments, in the amount of $1,678.68, as they become due commencing January 25, 2020. Payments will include any late charges effective as of the January 25, 2020 payment, if applicable pending further notice from the Movant.

2. The Debtor will file an Amended Plan to cure any post-petition arrearage as stated on the Movant's Motion for Relief from Stay, Docket Entry No. 22 and any updated payment history provided to Debtor's Counsel during the negotiation of this Consent Order, for monthly payments in the amount of $1,678.68 for the Months of May 2019 through December 2019, post-petition fees in the amount of $650.00, plus attorney fees and costs

in the amount of $1,031.00, for the total amount due of $15,110.44, within 30 (thirty) days of the entry of this Order. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds. The Debtors will file an amended plan with pre-petition and the listed post-petition arrears within 30 (thirty) days of the entry of this order.

3. The source of the funds for the increase in plan payments is to come from the Debtor's full-time employment. He is returning to full time later this month

4. Movant shall file a Motion to Allow a Late Separate Proof of Claim for the post-petition arrears, and upon the Court granting the motion, the Movant shall file a separate proof of claim for the post-petition arrears, independent of any Proof of Claim, without prejudice to the filing of a Proof of Claim for pre-petition arrears, if one has not been filed yet, within 30 days to allow for the post-petition arrears. By endorsement of this Order, the Trustee and the Debtor(s) agree that they will have no objection to the filing of the Motion for Late Proof Claim for the amounts contained herein.

5. In the event that any payment required by this Order, is not received by the Movant within 15 (fifteen) days after its due date, the Movant may mail a Notice of Default to the Debtor, Trustee, and Debtor's Counsel, by first class mail, postage pre-paid or by email at the same time as the Notice of Default is mailed to the Debtor. The Notice of Default will state in simple and plain language the following:

   a. That the Debtor is in default of not making at least one payment required under this order.

   b. The date(s) and amount(s) of each missed payment and any late charge or other fee(s) necessary to cure the default;

    c. The action necessary to cure the default, including any address to which payments must be mailed:

    d. That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the Notice of Default:

        i. Cure the default;
        ii. File an objection with the Court stating that no default exists; or
        iii. File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

    e. That if the Trustee or Debtor does not take one of the actions set forth in paragraph 5(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and

    f. That if the automatic stay is terminated, the collateral may be sold at the foreclosure sale.

6. If the Trustee or Debtor, file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

7. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

8. The automatic stay is modified to permit the Note holder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment,

notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the Court.

9. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and any additional attorney's fees for issuance of a certificate of default and preparation of an Order Terminating the Automatic Stay.

10. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Clam filed by the Movant.

11. All future payments made pursuant to the terms of this order should be forwarded to the following address until further notice.

    Carrington Mortgage Services, LLC
    PO Box 3730
    Anaheim, CA 92806

12. The Debtor(s) have been fully advised and agree to the settlement conditions of this order.

13. In the first paragraph of the amended plan, in the space provided therefore, the amended plan shall clearly set forth that the plan is being amended to include payments of post-petition mortgage arrearages and general unsecured creditors may be affected by the modification.

14. Consent by the Trustee to the proposed terms of this order does not constitute consent to the terms of any future amended plan, including the one contemplated herein, including but not limited to terms which propose to shorten the duration of the plan, lessen the amount of the plan payments or decrease the plan base of the existing plan.

FURTHER ORDERED that the Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed and pay the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court.

ENTERED this _____ day of _____ 2019

Jan 5 2020

/s/ Frank J. Santoro
_____
Honorable Stephen C. St. John
United States Bankruptcy Judge

**I ASK FOR THIS:**

/s/ M. Christine Maggard
M. Christine Maggard, VSB# 33824
Brock & Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
*Counsel for the Movant*

Entered on Docket: Jan 6 2020

**SEEN & AGREED:**

/s/ Carolyn Anne Bedi authorized via email
Carolyn Anne Bedi
501 Independence Pkwy., Suite 102
Chesapeake, VA 23320
*Counsel for Debtor*

**SEEN and reserves the right to object to the amended plan:**

/s/ Warren A. Uthe, Jr. for Michael P. Cotter authorized via email
Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402

Chesapeake, VA 23320
*Trustee*

# CERTIFICATE

I hereby certify that this proposed Order has been endorsed by all necessary parties involved in this proceeding.

/s/ M. Christine Maggard
M. Christine Maggard, VSB# 33824

The Clerk shall mail a copy of the entered Order to the following:

Carolyn Anne Bedi
501 Independence Pkwy., Suite 102
Chesapeake, VA 23320
*Counsel for Debtor*

JOSEPH EDWARD WILSON, JR
6422 DEVONSHIRE RD
NORFOLK, VA 23513-3233
*Debtor*

Michael P. Cotter
Chapter 13 Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA 23320
*Trustee*

M. Christine Maggard
Brock & Scott, PLLC
8757 Red Oak Blvd., Suite 150
Charlotte, NC 28217
*Counsel for the Movant*